IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KHADIDJA ISSA, Q.M.H., a minor, individually, by and through his parent, Faisa Ahmed Abdalla, ALEMBE DUNIA, ANYEMU DUNIA, V.N.L., a minor, individually, by and through her parent, Mar Ki, SUI HNEM SUNG, AND ALL OTHERS SIMILARLY SITUATED, : : : : : : : : Plaintiffs, : : v. : : THE SCHOOL DISTRICT OF LANCASTER, : : Defendant. : | CIVIL ACTION NO. 16-3881 |

## ORDER

**AND NOW**, this 16th day of February, 2017, having considered the defendant's motion to dismiss the plaintiffs' complaint (Doc. No. 21); and the plaintiffs' response in opposition to the motion (Doc. No. 76); and the defendant's reply (Doc. No. 77); and the ruling of the Third Circuit Court of Appeals in *Issa v. School Dist. of Lancaster*, No. 16-3528, 2017 WL 393164 (3d Cir. Jan. 30, 2017); accordingly, it is hereby **ORDERED** that the motion to dismiss (Doc. No. 21) is **DENIED** without prejudice to the defendant raising its arguments in a motion for summary judgment.[1]

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[1] In its memorandum opinion and order granting the plaintiffs' motion for a preliminary injunction, the court held that the plaintiffs had shown a likelihood of success on the merits of their claims under the Equal Education Opportunity Act, 20 U.S.C. § 1703(f), and the Pennsylvania School Code. *Issa v. School Dist. of Lancaster*, No. CV 16-3881, 2016 WL 4493202, at *5, *7 (E.D. Pa. Aug. 26, 2016). Thus, the court denies the motion to dismiss on

those claims.  While it is unclear that the Pennsylvania Code provides the plaintiffs with a private right of action, *see Issa v. School Dist. of Lancaster*, No. 16-3528, 2017 WL 393164, at *14-15 (3d Cir. Jan. 30, 2017), the defendant has not raised that issue in its motion to dismiss and may do so in a motion for summary judgment.

   As to the plaintiffs' claims for a deprivation of equal protection under 42 U.S.C. § 1983 and a violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, the defendant contends that the plaintiffs have failed to plead that the school district discriminated on the basis of their national origins.  Def.'s Mem. of Law. in Supp. of its Mot. to Dismiss ("Def.'s Mem.") at 9, 11, Doc. No. 21-1.  The complaint, however, alleges that the school district diverted the plaintiffs to a school with an unequal educational program, or failed to enroll them in school altogether, based not only on their lack of English proficiency, but also on their national origins and/or refugee statuses.  *See, e.g.*, Compl. at ¶¶ 102, 169, 179, 198, Doc. No. 1.  Additionally, the Supreme Court has instructed that language-based discrimination itself can constitute a form of national origin discrimination.  *Lau v. Nichols*, 414 U.S. 563, 568 (1974); *see also Colwell v. Department of Health & Human Servs.*, 558 F.3d 1112, 1116-17 (9th Cir. 2009); *T.R. v. School  Dist. of Phila.*, No. CV 15-4782, 2016 WL 6994973, at *11 (E.D. Pa. Nov. 30, 2016).  The allegations in the complaint are thus sufficient to state equal protection and Title VI claims.

   Finally, the defendant contends that the plaintiffs have failed to state a procedural due process claim under § 1983 because the plaintiffs have no property interest in free public education.  Def.'s Mem. at 14.  This is incorrect.  Under Pennsylvania law, students residing in the state are entitled to a free public education.  22 Pa. Code § 12.8 ("Education is a statutory right, and students shall be afforded due process if they are to be excluded from school."); 22 Pa. Code § 12.1(a) ("All persons residing in this Commonwealth between the ages of 6 and 21 years are entitled to a free and full education in the Commonwealth's public schools.").  The plaintiffs' interests in public education are indeed property rights of which they may not be deprived without due process.  The complaint alleges that the defendant has done just that by delaying or denying enrollment to students residing in the district, *see, e.g.,* Compl. at ¶ 107, 116-21, 137-38, and thus, it sufficiently states a procedural due process claim under § 1983.